IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KHALIFAH E.D. SAIF'ULLAH,

      Plaintiff,                    No. CIV S-08-2960 EFB P

    vs.

D. BERRY, et al.,

      Defendants.          ORDER

_____/

      Khalifah E.D. Saif'ullah, an inmate confined at California State Prison-Solano ("CSP-Solano"), filed this pro se civil rights action under 42 U.S.C. § 1983 concerning events alleged to have occurred at CSP-Solano. In addition to filing a complaint, plaintiff has filed an application to proceed *in forma pauperis*. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. R., Appx. A, at (k)(4).

**I.    Request to Proceed *In Forma Pauperis***

      Plaintiff has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Dckt. No. 2. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

1

§ 1915(b)(1) and (2).

## II.     Screening Order

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). The court finds that the complaint fails to state a cognizable claim against defendants and should therefore be dismissed for the following reasons.

In this action, plaintiff alleges that defendant D. Berry read his confidential legal mail and used the contents of that mail to issue two CDC-115 disciplinary reports to plaintiff for unauthorized operation of a paralegal business, in violation of plaintiff's First Amendment rights. Compl. at 4-5, ¶¶ 7-11. He further alleges that defendants C. Ferguson and A. Scotland participated in the violation of his First Amendment rights, and further violated his due process rights, finding him guilty of two rules violations based on the information discovered by defendant Berry in plaintiff's legal mail. *Id.* at 5-6, ¶¶ 14, 16. Plaintiff also alleges that defendant Scotland violated his due process rights by refusing to appoint an "Investigator Employee" to plaintiff in connection with one of the disciplinary hearings. *Id.* at 5, ¶ 12. In punishment for these rules violations, plaintiff was assessed a total of 60 days loss of good time credits, 80 hours of "hard labor as extra duty" and 180 days loss of privileges. *Id.* at 5-6, ¶¶ 14, 16. Plaintiff alleges that defendants D.K. Sisto, B. Torres, and N. Grannis violated his constitutional rights by sustaining the disciplinary conviction on his administrative appeal. *Id.* at 6-7, ¶¶ 18-24. Lastly, plaintiff alleges that all defendants are guilty of malicious prosecution for imposing discipline on him based on the information obtained by defendant Berry from plaintiff's legal mail. *Id.* at 12-14, ¶¶ 39-43.

The U.S. Supreme Court has held that a prisoner's allegations do not present cognizable claim under 42 U.S.C. § 1983 if a judgment in the prisoner's favor would necessarily imply the invalidity of a deprivation of good-time credits, regardless of whether the plaintiff actually seeks restoration of the lost credits. *Edwards v. Balisok*, 520 U.S. 641, 644, 647-48 (1997). Such a claim must instead be brought as a petition for writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003). Plaintiff's allegations against defendants Berry, Ferguson, Sisto, Torres, Grannis, and, to some extent, Scotland, are all grounded on his assertion that it was unlawful for defendant Berry to read his legal mail and for any discipline to be imposed based on the contents of that mail. A judgment in plaintiff's favor on these allegations would necessarily imply the invalidity of the deprivation of good-time credits imposed on plaintiff based on the evidence obtained from his legal mail. Accordingly, these allegations do not present claims cognizable under 42 U.S.C. § 1983 unless and until plaintiff can prove that the disciplinary findings have been reversed or expunged (such as by the issuance of a writ of habeas corpus). *Ramirez*, 334 F.3d at 855-56 (quoting *Heck*, 512 U.S. at 486-87, 489). Plaintiff has not demonstrated that the two challenged disciplinary actions have been invalidated. Accordingly, his allegations against defendants Berry, Ferguson, Sisto, Torres, Grannis, and Scotland that it was unlawful to read his legal mail and to base disciplinary actions upon the evidence obtained from that mail, and the malicious prosecution, due process, and First Amendment claims based thereon, should be dismissed without leave to amend.

Plaintiff's remaining allegation, that defendant Scotland deprived him of due process by refusing to appoint an "Investigator Employee" in connection with plaintiff's disciplinary hearing concluding on January 3, 2008, is also deficient. While there is no general due process right to assistance from an investigative employee in all cases, such assistance may be required if the inmate is illiterate or "the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case."

3

*Wolff v. McDonnell*, 418 U.S. 539, 570 (1974). Plaintiff has not included any allegation that he is illiterate or that the disciplinary action presented an issue so complex as to warrant assistance from staff. Rather, it is clear from plaintiff's well-crafted *in propria persona* complaint that plaintiff is literate and that the single issue presented in the disciplinary hearing was the validity of defendant Berry's intrusion into plaintiff's mail. That issue is not so complex as to make it unlikely that plaintiff could collect and present necessary evidence, and plaintiff was accordingly not entitled to assistance from an investigative employee. It does not appear that plaintiff can plead any additional facts which would cure this claim. Accordingly, plaintiff's claim against defendant Scotland for deprivation of due process for refusing to appoint an investigative employee should be dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

Accordingly, it hereby is ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. This action is dismissed for plaintiff's failure to state a claim without prejudice to plaintiff filing a petition for writ of habeas corpus to challenge defendants' reading of his legal mail and imposition of discipline based on the contents thereof, and without prejudice to plaintiff filing a new civil rights action if such discipline is ever set aside. *See* 28 U.S.C. § 1915A.

4. The Clerk is directed to close the case.

Dated: July 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE